**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MEDHAT ADAWY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No.** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RIZZA CHEVROLET, INC.,** | ) | |
| **JOE RIZZA ENTERPRISES, INC., and** | ) | |
| **PHELIA, LLC, d/b/a HAWK CHEVROLET,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

Plaintiff, MEDHAT ADAWY, by and through his attorney, Kevin Vodak, of Council on American Islamic Relations, Chicago Office (CAIR-Chicago), and complaining of Defendants, RIZZA CHEVROLET, INC., JOE RIZZA ENTERPRISES, INC., and PHELIA, LLC, d/b/a HAWK CHEVROLET, states as follows:

**NATURE OF THE CASE**

1.      Plaintiff seeks redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., as amended, as a result of race, national origin and religious discrimination that he suffered during his employment with Defendants, as well as retaliation for opposing discriminatory and harassing treatment.

**JURISDICTION AND VENUE**

2.      Plaintiff alleges violations of his civil rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; therefore, jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331 and § 1343, as well as 42 U.S.C. § 2000e-5(f).

3.      On March 9, 2010, Plaintiff timely filed a charge of discrimination with the Equal

Employment Opportunity Commission ("EEOC") against Defendant RIZZA CHEVROLET,

INC. (*See* Charge of Discrimination, attached as Exhibit A.)

4.      The EEOC issued a determination on July 9, 2012 that its investigation

established reasonable cause to believe that Defendant RIZZA CHEVROLET, INC. and another

Respondent, Rizza Cadillac/Buick/Hummer, subjected Plaintiff to harassment and discharged

him because of his race, national origin, and religion. (*See* Reasonable Cause Determination,

attached as Exhibit B.)[1]

5.      After conciliation efforts failed, the EEOC issued a Notice of Right to Sue on

Plaintiff's charge against Defendant RIZZA CHEVROLET, INC. on September 16, 2013, which

was received on September 18, 2013. (*See* Notice of Right to Sue, attached as Exhibit C.)

6.      As detailed below, Plaintiff presents this action against Defendant JOE RIZZA

ENTERPRISES, INC. as a joint employer of Plaintiff, and JOE RIZZA ENTERPRISES, INC.

received adequate notice of the charge as well as an opportunity conciliate the allegations

presented against JOE RIZZA ENTERPRISES, INC.

7.      As alleged below, Plaintiff presents this action against Defendant PHELIA, LLC,

d/b/a HAWK CHEVROLET, as a successor also liable for the Title VII violations committed by

RIZZA CHEVROLET, INC.

---

[1]  On September 18, 2013, the EEOC filed a lawsuit against Rizza Cadillac based on the hostile work environment claims for Plaintiff and two (2) other claimants. *EEOC v. Rizza Cadillac, Inc.*, No. 13 CV 6696 (Tharp, Jr., J.).  Plaintiff has filed a Motion to Intervene in the EEOC's action.  The Complaint filed herein presents Plaintiff's claim of unlawful discharge from the Chevrolet dealership.  Plaintiff will move to consolidate this Complaint with the EEOC's lawsuit upon appearances filed by Defendants.

8.      The violations alleged herein occurred, in substantial part, in the Northern District of Illinois, and Defendant corporations reside in the Northern District of Illinois; therefore, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## PARTIES

9.      Plaintiff, MEDHAT ADAWY, is a Muslim male of Egyptian national origin who currently resides Orland Park, Illinois.

10.     Defendant, RIZZA CHEVROLET, INC. ("RIZZA CHEVROLET"), was at all relevant times an Illinois corporation, with its place of business located at 8200 South Harlem Avenue, Bridgeview, Illinois.  Defendant is an employer for purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), as Defendant was engaged in an industry affecting commerce and employed fifteen (15) or more employees for each working day for twenty (20) or more calendar weeks in the current and preceding calendar years in which Plaintiff's EEOC charge was filed.

11.     Defendant, JOE RIZZA ENTERPRISES, INC. ("JOE RIZZA ENTERPRISES"), is an Illinois corporation incorporated on March 21, 1984.  Defendant is an employer for purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), as Defendant has been engaged in an industry affecting commerce and employed fifteen (15) or more employees for each working day for twenty (20) or more calendar weeks in the current and preceding calendar years in which Plaintiff's EEOC charge was filed.

12.     Defendant,    PHELIA,    LLC,    d/b/a    HAWK    CHEVROLET    ("HAWK CHEVROLET"), is a limited liability company formed under Illinois law, whose sole member is a citizen of Illinois.  HAWK CHEVROLET has been conducting business at the dealership formerly owned by RIZZA CHEVROLET since August 2010.

## FACTUAL ALLEGATIONS

13.     At all times relevant hereto, brothers Joe Rizza and Anthony Rizza ("Tony Rizza") have owned and/or managed auto dealerships in the southwest suburbs of Chicago, Illinois, including Bridgeview, Tinley Park, and Orland Park.

14.     During certain time periods from November 1987 to September 2009, Plaintiff was employed at various dealerships owned and/or managed by Joe Rizza and Tony Rizza.

15.     During the time period that Plaintiff was employed at their auto dealerships, Joe Rizza and Tony Rizza would alternate in their management of each of the dealerships.  For example, Tony Rizza would manage RIZZA CHEVROLET for a period of time, and subsequently Joe Rizza would manage the dealership.

16.     As detailed below, while Tony Rizza accepted Plaintiff's employment as a manager at the dealerships Tony Rizza managed, whenever Joe Rizza took over the managements of these dealerships, Plaintiff was either transferred to another location or discharged from his employment.

17.     On various occasions during Plaintiff's employment as a manager and thereafter, Joe Rizza has expressed to other managers and employees that he did not want any Arab or Muslim managers working for him.

18.     Each of the dealerships owned and/or managed by Joe Rizza and Tony Rizza have been incorporated as separate entities.

19.     JOE RIZZA ENTERPRISES is a holding company owned and/or controlled by Joe Rizza for the auto dealerships managed by Joe Rizza and Tony Rizza.  At all times relevant hereto, the physical address of JOE RIZZA ENTERPRISES has been the same as the Rizza Ford dealership located in Orland Park, Illinois.

20.     JOE RIZZA ENTERPRISES has acted as a corporate office for the dealerships in which Plaintiff worked, such as addressing personnel-related matters that a Human Resources office would typically handle.  In addition, Plaintiff was continually advised to contact the Chief Financial Officer for JOE RIZZA ENTERPRISES with any accounting issues at the dealerships.

21.     At various times, Plaintiff was transferred from one dealership to another.  When these transfers occurred, Plaintiff was not advised that his employment at the prior dealership was discharged, and he was not required to execute new terms of employment documents to effectuate the transfer.  On information and belief, JOE RIZZA ENTERPRISES' corporate control of the dealerships ensured that Plaintiff was able to transfer from one dealership to another.

22.     Plaintiff began working at RIZZA CHEVROLET in approximately November 1987 as a car salesperson.

23.     Based on Plaintiff's excellent sales record, in approximately July 1999, Tony Rizza promoted Plaintiff to Sales Manager and transferred him to Rizza Oldsmobile, located in Orland Park, Illinois.

24.     In approximately 2001, Plaintiff was transferred from Rizza Oldsmobile to Rizza Cadillac (known at the time as Tony Rizza Oldsmobile-Cadillac, Inc.) in Tinley Park, Illinois, as Tony Rizza also transferred to this dealership.

25.     When Joe Rizza began managing the Rizza Cadillac dealership in approximately late 2003, Plaintiff's employment was terminated.  Plaintiff was advised in approximately 2005 that Joe Rizza discharged his employment in 2003 for allegedly failing to replace his photochromic glasses with glasses which did not change tint, a pretextual reason for terminating his employment.

26.     In late 2004, Tony Rizza solicited Plaintiff's return to work at Rizza Cadillac, at which time Plaintiff became a Sales and Finance Manager at the dealership.

27.     On information and belief, due to the increasing Arab population in Tinley Park and the surrounding area, Tony Rizza solicited Plaintiff's return to Rizza Cadillac, as a means of increasing sales to Arab customers.

28.     Beginning when Plaintiff returned to Rizza Cadillac in 2004 and continuing until Plaintiff was transferred to RIZZA CHEVROLET in August 2009, Plaintiff and other Arab Muslim employees were subjected to a hostile work environment by George Benzing ("Benzing"), Finance Manager.  Such harassment included, but was not limited to, the regular use of offensive slurs, including "terrorist," "sand nigger," and "Hezbollah," and mocking and insulting references to the Qu'ran and the manner in which Muslims pray.

29.     Plaintiff continually reported Benzing's harassing treatment of Arab Muslims to Rizza Cadillac General Manager Tom Hollingsworth and Tony Rizza, to no avail.

30.     When Joe Rizza began managing the Rizza Cadillac dealership again in 2008, Plaintiff's employment was again terminated without any reason given.  Upon suspicion that Plaintiff would file a lawsuit for his wrongful discharge, Joe Rizza apologized to Plaintiff and reinstated his employment within three (3) months of his discharge, in approximately late 2008.

31.     Subsequent to returning to Rizza Cadillac in late 2008, Plaintiff reported Benzing's harassing treatment of Arab Muslims to Joe Rizza, to no avail.

32.     Less than a year prior to Plaintiff's discharge in 2009, in response to Plaintiff's complaints regarding Benzing, Tony Rizza advised another manager that if he was forced to choose between Plaintiff and Benzing, he would choose Benzing over Plaintiff.

33.     In August 2009, General Manager Tom Hollingsworth advised Plaintiff that he was being transferred to RIZZA CHEVROLET "at Joe Rizza's request," and thereafter Plaintiff returned to working at RIZZA CHEVROLET.

34.     Approximately one (1) month after Plaintiff was transferred to RIZZA CHEVROLET, General Manager Eric Kranig advised Plaintiff that Joe Rizza instructed him to discharge Plaintiff's employment, because there were "too many managers" at the dealership. Plaintiff's employment with RIZZA CHEVROLET and any of the Rizza dealerships was terminated pursuant to Joe Rizza's instruction.

35.     Prior to Plaintiff's discharge but subsequent to his transfer, RIZZA CHEVROLET hired two (2) Caucasian, non-Muslim managers.  On information and belief, Plaintiff had more experience and better qualifications to perform managerial duties at RIZZA CHEVROLET than these managers.

36.     During the EEOC's attempts to conciliate Plaintiff's charge of discrimination against RIZZA CHEVROLET, Joe Rizza, President of JOE RIZZA ENTERPRISES, and Daniel McMillan, Chief Financial Officer of JOE RIZZA ENTERPRISES, were notified of Plaintiff's allegations in the EEOC charge and participated in the conciliation process.

37.     In the Summer of 2010, RIZZA CHEVROLET's business was sold to HAWK CHEVROLET, whose owner took over the dealership at 8200 South Harlem Avenue, Bridgeview, Illinois.  HAWK CHEVROLET continued to conduct the same auto dealing business at the dealership that was conducted by RIZZA CHEVROLET.

38.     On information and belief, HAWK CHEVROLET was notified of Plaintiff's EEOC charge against RIZZA CHEVROLET prior to purchasing the business.

39.     RIZZA CHEVROLET was involuntarily dissolved as an Illinois corporation on October 14, 2011.

## COUNT I – DISCRIMINATORY DISCHARGE UNDER TITLE VII

40.     Plaintiff reasserts and realleges paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

41.     Based on his extensive tenure and excellent performance as a manager, Plaintiff performed in accordance with the reasonable expectations of Defendants RIZZA CHEVROLET and JOE RIZZA ENTERPRISES.

42.     Joe Rizza's expression of bias against Arab Muslim managers and direct involvement in the decision to discharge Plaintiff's employment in 2009 reveals that Defendants RIZZA CHEVROLET and JOE RIZZA ENTERPRISES discharged Plaintiff on the basis of his race/national origin, Arab, and religion, Islam, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, as amended.

43.     As further evidence of discrimination, Defendants RIZZA CHEVROLET and JOE RIZZA ENTERPRISES replaced Plaintiff with less qualified non-Arab, non-Muslim managers, and the reason asserted for Plaintiff's discharge was pretextual for discrimination.

44.     The aforementioned acts of Defendants RIZZA CHEVROLET and JOE RIZZA ENTERPRISES were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff because of his race/national origin, Arab, and religion, Islam, in violation of the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, as amended.

45.     As a direct and proximate result of the actions of RIZZA CHEVROLET and JOE RIZZA ENTERPRISES, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

46.     Defendant HAWK CHEVROLET remains liable as a successor entity for the violations of Title VII committed by Defendants RIZZA CHEVROLET and JOE RIZZA ENTERPRISES.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MEDHAT ADAWY, requests that this Honorable Court enter judgment in his favor and against Defendants, and enter an Order awarding the following relief:

A.  All wages and benefits he would have received but for the discrimination;

B.  Compensatory damages;

C.  Punitive damages;

D.  An order mandating that Defendants reinstate Plaintiff to his prior position, or front pay in lieu of reinstatement;

E.  An award of costs, as provided by F.R.C.P. 54(d)(1);

F.  An award of reasonable attorney's fees, as provided by 42 U.S.C. § 2000e-5(k); or 42 U.S.C. § 1988(b); and

G.  Such other relief as the Court deems equitable and just.

## COUNT II – RETALIATORY DISCHARGE UNDER TITLE VII

47.     Plaintiff reasserts and realleges paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

48.     Based on his extensive tenure and excellent performance as a manager, Plaintiff performed in accordance with the reasonable expectations of Defendants RIZZA CHEVROLET and JOE RIZZA ENTERPRISES.

49.     Plaintiff engaged in statutorily protected activity pursuant to Title VII by directly reporting the hostile work environment endured by Arab and Muslim employees based on race, national origin, and religion.

50.     Defendants RIZZA CHEVROLET and JOE RIZZA ENTERPRISES retaliated against Plaintiff by terminating his employment, as revealed by Joe Rizza's direct involvement in this decision within a short period of time that Plaintiff complained directly to him regarding Benzing's harassing treatment.

51.     The aforementioned acts and omissions of Defendants RIZZA CHEVROLET and JOE RIZZA ENTERPRISES constitute unlawful retaliation for Plaintiff's opposition to discrimination based on race, national origin, and religion, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*.

52.     As a direct and proximate result of the actions of RIZZA CHEVROLET and JOE RIZZA ENTERPRISES, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

53.     Defendant HAWK CHEVROLET remains liable as a successor entity for the violations of Title VII committed by Defendants RIZZA CHEVROLET and JOE RIZZA ENTERPRISES.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MEDHAT ADAWY, requests that this Honorable Court enter judgment in his favor and against Defendants, and enter an Order awarding the following relief:

A.  All wages and benefits he would have received but for the discrimination;

B.  Compensatory damages;

C.  Punitive damages;

D.  An order mandating that Defendants reinstate Plaintiff to his prior position, or front pay in lieu of reinstatement;

E.  An award of costs, as provided by F.R.C.P. 54(d)(1);

F.  An award of reasonable attorney's fees, as provided by 42 U.S.C. § 2000e-5(k); or 42 U.S.C. § 1988(b); and

G.  Such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

54.  Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,
MEDHAT ADAWY, Plaintiff,


By:  /s/Kevin Vodak_____
KEVIN VODAK
Attorney for Plaintiff


Attorney #: 6270773
Council on American-Islamic Relations,
Chicago Chapter (CAIR-Chicago)
17 N. State Street, Suite 1500
Chicago, Illinois 60602
Ph:    312.212.1520
Fax:   312.212.1530